UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JOANNE MINNIEER,

                    Plaintiff,

            v.

PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,

                    Defendant.
------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Joanne Minnieer ("Plaintiff") hereby alleges, as and for her Complaint against Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Momentum," "Defendant" or the "Company") as follows:

**PRELIMINARY STATEMENT**

1. Pro Custom Solar LLC d/b/a Momentum Solar is one of the nation's most successful and fastest growing clean energy companies. The Company has grown exponentially in recent years, both in terms of its workforce size and the revenue it generates. In fact, rumor has it that Momentum is planning to parlay its success into becoming a publicly traded company.

2. However, with such great success comes great responsibility, particularly when it comes to treating employees humanely and perpetuating a workplace free of discrimination, hostility and retaliation. This includes employees who identify as Lesbian, Gay, Bisexual, Transgender or Queer, *i.e.*, the LGBTQ+ community.

3. Indeed, in June 2020, the United States Supreme Court, the nation's highest court, ruled that Title VII of the Civil Rights Act of 1964 protects gay and transgender workers from workplace discrimination, adding sexual orientation and gender identity to the classifications protected by law.

4. Sadly, Momentum has apparently failed to receive the memo from the Supreme Court and has fostered and perpetuated a work environment that is hostile and discriminatory to its gay employees.

5. Plaintiff Joanne Minnieer is unfortunately one such Momentum employee who was harassed and discriminated against in her workplace. When Ms. Minnieer complained about how another Momentum employee remarked that "**all lesbians are dykes**" and that "**[lesbians] never have any money**," rather than take her complaints seriously and punish the culprit who uttered these vile words, Momentum shockingly and blatantly retaliated against Ms. Minnieer by increasing her workload and denying her promotions to which she had earned, in an obvious effort to get Ms. Minnieer to quit her job.

6. Ms. Minnieer, who is also the only female Installer at Momentum's Long Island, New York location, has also been discriminated against because of her gender by, *inter alia*, being blatantly paid less than her male peers, and by being discriminatorily denied equivalent personal protective equipment ("PPE") that her male peers were provided.

7. The unlawful discrimination and retaliation described herein for which Ms. Minnieer seeks redress were committed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. (the "NYSHRL"); the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 *et seq*. (the "NYCHRL"); the Equal Pay Act, 29 U.S.C. § 206 *et seq*. ("EPA") and the New York State Pay Equity Law, N.Y. Lab. Law § 194 *et seq*. ("NYSPEL").

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343 as the action involves federal questions regarding the deprivation of Plaintiff's rights under the EPA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under New York State and City law pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the action, including certain of the unlawful employment practices alleged herein, occurred in the district.

## PARTIES

10. Plaintiff Joanne Minnieer is an LGBTQ+ adult female and resident of the State of New York and resides in Merrick, New York. Ms. Minnieer is an Installer at Defendant Momentum and, at all relevant times, met the definition of an "employee" under all applicable statutes.

11. Defendant Momentum is a New Jersey limited liability company that conducts business in, *inter alia*, New Jersey, New York State and New York City. In New York State, Momentum's principal place of business for its New York-based operations is located at 45 Fairchild Avenue, Suite B, Plainview, New York 11803. At all relevant times, Pro Custom Solar LLC d/b/a Momentum Solar met the definition of an "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

12. Plaintiff will file a Charge of Discrimination, arising out of the facts described herein, with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII, 42 U.S.C. §§ 200e *et seq*. ("Title VII"). Upon receiving a Notice of Right to Sue from the EEOC, Plaintiff will seek to amend her Complaint to add Title VII claims against Defendant.

13. Pursuant to NYCHRL § 8-502, Plaintiff will serve a copy of the Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel, thereby satisfying the notice requirements of that section.

14. Any and all other prerequisites to the filing of the suit have been met.

## FACTUAL ALLEGATIONS

### I. MS. MINNIEER IS SUBJECTED TO DISPARATE WORKING CONDITIONS AND PAY BECAUSE OF HER GENDER

15. Joanne Minnieer started working at Momentum in or around March 27, 2018 and currently works out of Momentum's Long Island, New York location.

16. Ms. Minnieer is the only female Installer out of approximately 24 Installers working at Momentum. Installers are responsible for traveling to Momentum customers and installing solar paneling on their homes. As part of her work as an Installer, Ms. Minnieer is required to travel to and work in Long Island and in New York City. At times, she would also travel to work in Connecticut and New Jersey.

17. Throughout her employment, Ms. Minnieer has been subjected to less favorable terms and conditions than her male peers.

18. For instance, approximately a year ago, Frank Riva, a manager at Momentum, said, "a female shouldn't be working on installs," to another Installer named Bryan Magneto. Mr. Riva was referring to Ms. Minnieer.

19. Mr. Magneto warned Ms. Minnieer "to be careful" because "Frank is going behind your back."

20. Ms. Minnieer reported Mr. Riva's comment to another manager at Momentum's Long Island location named Jeff and expressed that she felt she was being discriminated against on the basis of her gender. Jeff sat Ms. Minnieer and Mr. Riva down to discuss her complaints,

4

but, unsurprisingly, Mr. Riva denied ever making the comment in question. Notably, Mr. Riva and Jeff both told Ms. Minnieer not to report the incident to upper management.

21. Mr. Riva continued to discriminate against Ms. Minnieer, including commonly remarking in front of her that, "it only takes two guys to do a job," suggesting that jobs required more staff when Ms. Minnieer was involved on a project.

22. Mr. Riva's discriminatory conduct was so rampant that he was referred to as the "White Supremacist" by the minorities at the Company.

23. The Company's willingness to look the other way and facilitate Mr. Riva's discrimination also caused other Momentum employees to blatantly discriminate against her, and even put her at risk of physical harm.

24. Indeed, during Ms. Minnieer's first year at the Company, while working on Mr. Riva's crew, another Installer named Sam commented to Ms. Minnieer, "women should be in the kitchen, not working here." After saying this, Sam threw a sharp object at Ms. Minnieer's head which only narrowly missed striking her.

25. In addition to this disparate treatment and hostility, Ms. Minnieer was paid less than male peers with comparable experience.

26. At Momentum, employees promoted to the position of Installer typically get a raise to $17 per hour when promoted. However, Ms. Minnieer was denied this raise when she was promoted to Installer.

27. Ms. Minnieer spoke with Jeff about the pay disparity, and Jeff told her that he would speak to Mr. Riva to get her the raise. After consulting with Mr. Riva, Jeff informed Ms. Minnieer that Mr. Riva refused to give her a raise because there were male Installers earning less than Ms. Minnieer, despite the fact the male Installers were less experienced than Ms. Minnieer.

28. At the time, Jeff told Ms. Minnieer that Mr. Riva said he did not think she deserved to make more than a man, regardless of her or their experience.

29. Furthermore, Ms. Minnieer has been consistently denied necessary personal protective equipment that is provided to her male peers and is necessary for her job safety and performance.

30. Ms. Minnieer has complained to Mr. Riva on several occasions during her employment that the large sized gloves he purchases for the crew do not fit her. However, Mr. Riva consistently refused to purchase the correct size for her.

## II. MS. MINNIEER IS DISCRIMINATED AGAINST BASED ON HER SEXUAL ORIENTATION

31. Ms. Minnieer is an openly gay woman, and, upon information and belief, the only openly gay individual working for the Company in its New York location.

32. Approximately six months ago, Ms. Minnieer was at the Company warehouse in Long Island when another Installer named Nick commented to her, "all lesbians are dykes" and "they never have any money."

33. After this conversation, Ms. Minnieer made a complaint about what Nick had said to a Foreman named Jay Morgan, who escalated the complaint to Mr. Riva. Understandably, Ms. Minnieer felt deeply hurt by the comments and discrimination based on her sexual orientation.

34. In response, even though Mr. Riva acknowledged that Nick's conduct was grounds for termination, he nevertheless proposed making "a deal" with Ms. Minnieer so long as Ms. Minnieer kept the incident quiet. Mr. Riva sugggested that, instead of punishing Nick for what he said about lesbians, if Ms. Minnieer agreed not to tell anyone, Mr. Riva would allow

Antwan Senior, a Black male Installer with whom Ms. Minnieer is friendly, to remain on her team.

35. Essentially, Mr. Riva coerced Ms. Minnieer into silence by threatening to make her working conditions less enjoyable if she reported the discrimination to anyone else at the Company.

36. To add further insult to injury, within days of the incident involving Nick, Mr. Riva gave Nick a raise, and two weeks or so after the incident, Mr. Riva promoted Nick to a foreman position. Clearly, Mr. Riva condoned the discriminatory behavior in which Nick engaged.

### III. MS. MINNIEER IS FURTHER DISCRIMINATED AND RETALIATED AGAINST BECAUSE SHE ENGAGED IN PROTECTED ACTIVITY

37. Ms. Minnieer called Human Resources ("HR") in or around November 2020 to report the discriminatory treatment she experienced. Rather than taking any remedial action, HR proceeded to contact Ms. Minnieer's foreman and manager, the very same individuals who were discriminating against her.

38. Mr. Riva responded by retaliating against Ms. Minnieer and assigning her crew to two installation jobs per day, whereas other crews are only assigned one job per day.

39. Furthermore, Ms. Minnieer's foreman has refused to promote Ms. Minnieer to the position of Roof Lead, while instead promoting less experienced males to Roof Lead.

40. Ms. Minnieer is traumatized by the discriminatory work environment she has been subjected to by Momentum and has begun to take stomach medication everyday just to be able to go to work.

## FIRST CAUSE OF ACTION
**(Unequal Pay in Violation of the EPA)**

41. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

42. By the acts and practices described above, Defendant violated the EPA by paying male employees higher wages than Plaintiff for substantially equal work in a job which required equal skill, effort and responsibility, and which was performed under similar working conditions.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Equal Pay Act, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

44. Plaintiff is further entitled to liquidated damages, reasonable costs and attorneys' fees.

45. Defendant's conduct was willful and/or showed reckless disregard for Plaintiff's statutorily protected rights.

## SECOND CAUSE OF ACTION
**(Unequal Pay in Violation of the NYSPEL)**

46. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

47. By the acts and practices described above, Defendant violated the NYSPEL by paying male employees higher wages than Plaintiff for substantially similar work based on a composite of skill, effort and responsibility, and which was performed under similar working conditions.

48. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Pay Equity Law, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

49. Plaintiff is further entitled to liquidated damages, reasonable costs and attorneys' fees.

50. Defendant's conduct was willful and/or showed reckless disregard for Plaintiff's statutorily protected rights.

### THIRD CAUSE OF ACTION
**(Discrimination in Violation of the NYSHRL)**

51. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

52. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of her gender and sexual orientation in violation of the NYSHRL by denying her equal terms and conditions of employment, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment, denying her equal pay to her peers and denying her equal advancement opportunities.

53. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages, to the greatest extent permitted under law.

54. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental

anguish and emotional distress, for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

55. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

56. By the actions described above, among others, Defendant retaliated against Plaintiff on the basis of her protected activities in violation of the NYSHRL.

57. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

58. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

59. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of her gender and sexual orientation in violation of the NYCHRL by denying her equal terms and conditions of employment, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and

harassment, denying her equal pay to her peers and denying her equal advancement opportunities.

61. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

62. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

63. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

64. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

65. By the actions described above, among others, Defendant retaliated against Plaintiff on the basis of her protected activities in violation of the NYCHRL.

66. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

67. As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

68.     Defendant's unlawful discriminatory and retaliatory actions constitute malicious, willful and wanton violations of NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.      A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York and the City of New York;

B.      An injunction and order permanently restraining Defendant from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C.      An award of damages against Defendant in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

D.      An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E.      An award of punitive damages against Defendant, in an amount to be determined at trial;

F.      Prejudgment interest on all amounts due;

G.      An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated: July 22, 2021
New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _____
Michael J. Willemin
Tanvir H. Rahman

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiff*